UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMEL GIBBS,<br><br>                              Petitioner,<br><br>        v.<br><br>GABRIELA NAJERA, et al.,<br><br>                              Respondents. | Case No. 2:22-cv-01567-RFB-VCF<br><br>**Order Dismissing Petition without Prejudice, Denying Application to Proceed in Forma Pauperis, and Denying Certificate of Appealability** |

Jamel Gibbs has submitted a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. (ECF Nos. 1-1, 1-2). He has paid the filing fee, therefore, his application to proceed in forma pauperis is denied as moot. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and dismisses the petition without prejudice because his direct appeal is pending in state court.

Gibbs indicates on the face of his petition that he is currently appealing his state judgment of conviction. (ECF No. 1-1 at 1.) A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). In his federal petition, Gibbs sets forth a single claim that his counsel rendered ineffective assistance. (ECF No. 1-2.) Generally, someone challenging his state-court judgment of conviction pursues a direct appeal first, followed possibly by a state postconviction petition. Here, the court takes judicial notice of the Nevada state appellate docket, which reflects that Gibbs has fully litigated a state postconviction habeas corpus petition; the Nevada Court

1

of Appeals rejected the ineffective-assistance-of-counsel claim he seeks to raise in federal court. Nevada Court of Appeals Case No. 84569. However, he also states that his direct appeal is currently pending before the Nevada Supreme Court. (ECF No. 1-1 at 1; Nevada Supreme Court Case No. 83672.) The state appellate docket shows that briefing was recently completed for Gibbs' direct appeal. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) The decision on appeal could result in the reversal of Gibbs' conviction on some other ground, rendering this action moot. Accordingly, this federal petition is dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's application to proceed in forma pauperis **(ECF No. 1) is DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of Court detach and file the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the **petition is DISMISSED** without prejudice as set forth in this order.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and close this case.

DATED: 7 April 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE